

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. G. Gowdy
County Auditor
Wichita County
Wichita Falls, Texas

O-4992

Dear Sir:

Opinion No. 0-4992
Re: Authority of commissioners'
court to determine, under
facts stated, whether suit
should be filed in behalf of
the county against a Justice
of the Peace and the surety
on his official bond to re-
cover excess fees claimed due
the county where part of claim
is barred by two-year statute
of limitations.

You have advised this office that R. V. Gwinn, a
Justice of the Peace in Wichita County, was indebted to said
County for excess fees for the years and in the amounts as
follows:

| YEAR | AMOUNT |
|------|--------|
| 1938 | $130.43 |
| 1939 | 132.80 |
| 1941 | 270.23 |

You have also furnished us with copies of two or-
ders of the Commissioners' Court of said County relating to
said indebtedness which reads respectively as follows:

"MINUTES OF THE COMMISSIONERS COURT
Regular Session - Sept. 28, 1942

"The following order was passed by the Court,
to-wit:

"(254-C) It was moved by Mr. Hines that Temple
Shell, County Attorney, be and he is hereby re-
quested by the Commissioners Court to file suit

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable J. C. Gowdy, Page 2

for the collection of Excess Fees of Office, payable to Wichita County from the precinct officers.
Motion was seconded by Mr. Holman and carried
unanimously.

"MINUTES OF THE COMMISSIONERS COURT
Regular Session - Oct. 26, 1942

"The following order was passed by the Court, to-wit:

"(271-C) On this the 26th day of October, A. D.
1942, the Commissioners Court being in regular
session, the question of excess fees due by R. V.
Gwinn, Justice of the Peace, Precinct One, Place
One, Wichita County, Texas, came before said Court;
the years claimed by the County for excess fees due
by said Justice of the Peace being 1938, 1939 and
1941, and it being shown by receipt from the County
Treasurer that R. V. Gwinn had paid $270.23, being
excess fees for the year 1941, and the court being
advised by the County Attorney that said amount is
all the money that the County could recover, thereupon, it was moved by Mr. Cooper, seconded by Mr.
Haynes that said amount be accepted and that the
County Attorney be instructed not to institute suit
against the said R. V. Gwinn as heretofore requested,
for the collection of excess fees for the years 1938
and 1939. Motion carried unanimously with all members of the Court being present and voting."

Based upon the above information, you submit the
following questions:

(1). "Where a fee officer owes the County excess fees who should direct who to collect them and
by what procedure?"

(2). "Was the County's claim against R. V.
Gwinn properly settled?"

Your first question is not limited to claims by a
County for excess fees against a justice of the peace but embraces all county and precinct officers. Under the facts submitted, we presume you are at present only concerned with

these facts and the officer named, and will therefore so limit our answer to said question.

You are advised it is our opinion that the order of the commissioners' court of September 28, 1942, was a proper order. "Ordinarily the commissioners' court alone determines whether litigation shall be instituted in behalf of the county." Hoffman v. Davis (Sup. Ct.), 100 S. W. (2) 94. There are exceptions to this general rule but since in this instance the rule was followed there is no necessity here to discuss any of them.

In connection with your second question, Honorable Woddard Bass, Assistant County Attorney of Wichita County, has, at our instance, given us the reason why County Attorney Shall recommended the settlement reflected in the order of the commissioners' court of October 26, 1942. His letter reads as follows:

"Our County Auditor showed excess fees due from R. V. Gwinn, Justice of the Peace, for the years 1938, 1939 and 1941.

"Tarrant County vs. Prichard, 89 SW 2nd 1028 holds that the two year statute of limitations, rather than the four year, is applicable in such case,- this particular case being a 'white horse case' with our facts. My recollection is that there are some Attorney General Opinions rendered prior to that case, but in accord.

"Mr. Gwinn's attorney informed us that if we filed the suit, he would plead limitations to that part over two years. At the same time he said there was no question regarding the 1941 figures and that they were ready and willing to pay the same.

"In view of these facts, the Commissioners Court was advised that although we could and would file suit, we could collect no more than Mr. Gwinn and his attorney were offering to pay, e.g. the amount set out by the auditor for the year 1941. The Court then ordered the acceptance of that amount and rescinded the prior order for instigating suit on all three years."

Honorable J. G. Gowdy, Page 4

We have carefully considered the case cited by Mr. Bass and have concluded that it warranted the recommendation made by Mr. Shell to the Commissioners' Court and that said court in the exercise of its discretion properly entered its order of October 26, 1942.

We quote from the court's opinion in the case of Tarrant County v. Prichard et al., supra, as follows:

"G. Walter Prichard held the office of justice of the peace for two terms; the first beginning May 17, 1929, and ending December 31, 1930; the second beginning January 1, 1931, and ending December 31, 1932. The Standard Accident & Insurance Company of Detroit, Mich., was surety on his official bond payable to Tarrant county in the sum of $1,000 for each of those terms of office. The county instituted this suit against Prichard and the surety on his official bonds for an accounting to determine the amount of fees which it was alleged Prichard should have turned over to it but failed to do. There were several different items for which a recovery was sought, to each and all of which defendants pleaded the statute of limitations of two years (Rev. St. 1925, art. 5526).

"The fees which Prichard was authorized to retain out of collections made by him during the years 1929 and 1930 were prescribed by R.C.S. arts. 3883a, 3691, 3692, 3894, 3895, and 3902. Articles 3896, 3897, 3898, and 3899 prescribe the duties of all officers, including the justice of the peace, to keep accounts of fees collected and to make a report of the same at the close of each fiscal year.

"At the outset it is our conclusion that the two-year statute of limitations (Rev. St. 1925, art. 5526) is applicable here, rather than the four-year statute (article 5527), as insisted by the plaintiff, since the cause of action is for an alleged breach of the statutory duty prescribed by article 2373. The obligation of the bond that he would promptly pay over to the party entitled to receive it all money that may come into his hands during his term of office was incidental to the right of action and did not bring the suit within the operation of the four-year statute, as insisted by the plaintiff.

We believe this question is finally settled by the decision of the Commission of Appeals in the case of Hatcher v. State, 81 S. W. (2d) 499, 98 A. L. R. 1213."

The suit in the above cited case was not instituted until July 7, 1933. It appears that application for writ of error was dismissed by the Supreme Court.

We are not unmindful that there are cases, decided prior to the delivery of the opinion in the Prichard case, holding that the four-year statute of limitations applies to a suit by a county against a tax collector to recover excess fees. Megarity et al. v. Navarro County, 297 S. W. 864, error refused; Bitter v. Bexar County (Com. Apps.), 11 S. W. (2) 162. However, in the recent case of Bexar County v. Maverick et al., 159 S. W. (2) 140, error refused, it was held that the county's claim against a tax collector for excess fees of office collected while he was tax collector, but for which he did not account to the county, was barred by the two-year statute of limitations. The opinion appears to have been based on the opinion of the Supreme Court in Hatcher v. State, 81 S. W. (2) 499, the same authority cited by the court in Tarrant County v. Prichard, supra, but makes no reference to the opinions cited above holding to the contrary.

We are unable to make any distinction between the facts discussed in the opinion in the Prichard case and the facts we are considering here. The cause of action is substantially the same in each case. The Prichard case was cited, apparently with approval, by the Supreme Court in Cowart v. Russell et al., 144 S. W. (2) 249. We conclude the Prichard case is controlling and impels us to give the answer above given to your second question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

APPROVED FEB 9, 1943

ATTORNEY GENERAL OF TEXAS

WJRK:mp

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN